UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
YONASON GOLDMAN AND MIRIAM GOLDMAN
on behalf of themselves and
all other similarly situated consumers

                        Plaintiffs,

    -against-


NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC

                       Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Yonason Goldman and Miriam Goldman seek redress for the illegal practices of Nationwide Debt Management Solutions, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Sacramento, California.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Yonason Goldman and Miriam Goldman*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiffs' answering machine on numerous occasions.

11. By way of limited example only, the following is a transcription of one such message left for the Plaintiffs on or about March 10, 2014:

    "Hey, good afternoon, this message is for Yonason Goldman, Yonason Goldman, Corey Walker calling from Nationwide DMS; my telephone number, Yonason, 888-414-0763, I'm at Ext. 266, and I look forward to hearing back from you."

12. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about March 13, 2014:

    "Hi, good afternoon, this message is for, I'm trying to get hold of Yonason Goldman; Yonason Goldman, my name is Corey Walker, I'm with Nationwide DMS; my telephone number is 888-414-0763, I'm at Ext. 266, and it's very important that I hear back from Yonason."

13. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about March 17, 2014:

"Hey, good afternoon, this message is for Yonason, Yonason Goldman, Corey Walker calling from Nationwide DMS, in regards to a matter that has been forwarded to my attention; my telephone number, Yonason, 888-414-0763, I'm at Ext. 266, and I look forward to hearing back from you."

14. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about March 20, 2014:

"Good afternoon; message is intended for Yonason Goldman; Yonason, my name is Mr. Anthony, I'm with a company called Nationwide DMS; look, this is important, these guys have left quite a few messages for you at this point, I need to speak with you, return the call to Nationwide DMS, insist to speak to the manager, Richard. Telephone number is 888-414-0763. Yonason Goldman, return the call, ask for the manage. Thank you."

15. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about March 24, 2014:

"Good afternoon; I'm trying to get a message to Yonason Goldman; Yonason, how you doing, this is Richard, I represent a company called Nationwide DMS; look, I need to speak to Yonason Goldman, please pass on the message to Yonason, have him contact this office immediately, Nationwide DMS, 888-414-0763."

16. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about March 27, 2014:

"Good morning; I'm trying to get an important message to Yonason Goldman; can you

please give me a call; Mr. Golman, I've left quite a few messages, there's a pending matter here, I need to speak to you immediately; we can work this out together voluntarily or we can do other things. Give me a call, ask for the manager Richard, Nationwide DMS, 888-414-0763. Thank you and have a good day."

17. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about March 31, 2014:

"Hi; good afternoon, Yonason, how are you? Mr. Goldman; this is Richard, I'm with Nationwide DMS, I need to speak to Mr or Mrs Yonason Goldman, please return the call; it's in regards to a personal business matter; look, we've left a lot of messages, I could probably help; return the call, ask for the manager, Richard, 888-414-0763, thank you, have a good day; bye bye."

18. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about April 2, 2014:

"Yeah; message is for Yonason Goldman, how are you doing? Alright Mr. Goldman, I've left numerous messages, urging you to return the call in regards to a pending matter against you; I'm not sure at this point Miriam's involvement; look, I need to speak to you right away, these guys believe that they have located your job, your employer, I would prefer to work with you directly; Yonason, return the call, ask for the manager, Richard, 888-414-0763, thank you."

19. By way of limited example only, the following is a transcription of another such message left for the Plaintiffs on or about April 17, 2014:

"Hey; good evening; I'm trying to get a message to Yonason Goldman; how are you? Nationwide DMS; give us a call, 888-414-0763. Thank you, have a good day."

20. The callers failed to identify themselves as debt collectors attempting to collect a debt.

21. In addition, during the said April 2, 2014 message, which threatened impending action, the caller failed to state its company's legal name.

22. Upon information and belief, the said messages were either pre-scripted and or pre-recorded.

23. Defendant has engaged in a pattern of leaving messages without disclosing its legal name or that the communication is from a debt collector.

24. The said telephone messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector and for not meaningfully disclosing the caller's identity which constitutes a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

25. Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs one (1) through twenty four (24) as if set forth fully in this cause of action.

26. This cause of action is brought on behalf of Plaintiffs and the members of a class.

27. The class consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed without setting forth that the communication was from a debt collector; and (b) without meaningful disclosure of the caller's identity; and (c) the Plaintiffs assert that the telephone messages were in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11).

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendant.

   D. The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

29. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would

create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

32. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

33. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); And

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 5, 2014

    /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

    /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)